### SATKOFSKY et al. v. JARMULOWSKY.

(Supreme Court, Appellate Term.   October 27, 1905.)

APPEAL—SETTLEMENT OF CASE—INCORPORATION OF EXHIBITS.

    The fact that certain papers received in evidence were not marked for identification was no ground for striking them from the proposed case, on settlement on appeal.

Appeal from City Court of New York.

Action by Max Satkofsky and others against Sender Jarmulowsky. From an order resettling a case on appeal by striking out portions of the proposed case, defendant appeals.   Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGER-ALD, JJ.

David McClure, for appellant.

Ira Leo Bamberger, for respondents.

BISCHOFF, J. For the purpose of proving his defense in the court below, upon the trial of the action, the defendant offered in evidence certain original papers from the files of the Municipal Court in an interpleader proceeding, which papers were excluded upon objection, and the plaintiff recovered a verdict. In the course of the settlement on appeal, the papers referred to were stricken from the proposed case by an order from which this appeal is taken, and the sole ground suggested in support of the ruling of the court's striking out the papers is that they were not marked for identification upon the trial. No question is rais-

ed as to the actual identity of the papers offered in evidence, nor is it suggested that true copies were not proposed as a part of the case on appeal, and, in view of the fact that the papers were public records, the question of their actual identity was not readily to arise. Concededly the papers were offered in evidence at the trial, and the accuracy of the ruling excluding them cannot be tested upon appeal unless the papers are included in the case. In our opinion the court below should not have directed that these papers be stricken from the case. Papers are marked for identification upon the trial, as the term suggests, simply in order that their identity may be determined for the purposes of the trial and appeal, and there is no rule which absolutely precludes the party offering such papers from an opportunity of having them considered by an appellate court merely because the identification mark may have been omitted at the trial. As was said in the case involving the omission to mark an exhibit:

"That it was not marked as an exhibit can make no difference, if it should have been so marked. The omission, if it were material, must be set down to the mistake of the officer, and, like similar mistakes, be corrected by motion." Commercial Bank v. Bank of N. Y., 4 Hill, 516, 518.

The identification of the paper being complete, and there being no substantial ground for an adverse exercise of discretion by the court, the papers referred to should have been permitted to remain as a part of the proposed case on appeal, and the orders appealed from are therefore reversed, with $10 costs and disbursements. All concur.