McKEOGH v. BROWNING, KING & CO.

(Supreme Court, Appellate Term. November 11, 1910.)

1. APPEAL AND ERROR (§ 562*)—SETTLEMENT OF CASE—INCORPORATION OF EXHIBITS.
    That a letter offered in evidence and referred to and used by both parties was not marked in evidence did not warrant striking it on settlement of the case.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2495–2499; Dec. Dig. § 562.*]

2. COMPROMISE AND SETTLEMENT (§ 16*)—TERM OF EMPLOYMENT—ACCORD AND SATISFACTION.
    Any contract for a year's employment was merged into an adjustment whereby a dispute as to the term of employment was settled by the em-

ployer taking the employé back for the unexpired part of a six-months period.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 54, 55; Dec. Dig. § 16.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by T. J. McKeogh against Browning, King & Co. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Clarence E. Thornall, for appellant.
Charles M. Kiefer, for respondent.

BIJUR, J. The plaintiff alleges that he was employed by the defendant for a year, and that the defendant wrongfully discharged him before the termination of that period. The entire case turns upon a letter of the plaintiff's former attorney to the defendant, in which it is stated that the employment was for six months only. This letter was offered in evidence, and, though not marked in evidence, was subsequently referred to and used by both sides at the trial. On the settlement of the case, the court below refused to mark the letter in evidence, and granted a motion of the defendant to remove it from the record. It is properly before us, however, and should have been admitted, as it is sufficiently identified. Satkofsky v. Jarmulowsky (Sup.) 95 N. Y. Supp. 555.

As the record stands, there was a substantial dispute whether the term of employment was six months or a year. On the basis of this letter, the defendant agreed to and did take back the plaintiff for the remainder of the six months; and the question at issue between the parties was thus adjusted. The contract for one year, if then existing, was thereby merged in this accord and satisfaction, and the judgment below is unwarranted.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.

SEABURY, J., concurs. PAGE, J., concurs in result.